IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JENNIFER JENKINS HOBACK,

        Plaintiff,

v.                                      CIVIL ACTION NO.   3:19-0460

SHERRIE COX, in her individual capacity,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are four motions in limine by Defendant Sherrie Cox regarding the admissibility of certain evidence[1] and a motion by Plaintiff Jennifer Jenkins Hoback to allow remote testimony. The parties oppose each other's motions. Upon consideration, the Court finds as follows.

In her first motion, Defendant Cox seeks to exclude evidence of a decision by the Public Employees Grievance Board (PEGB), in which it ordered, inter alia, that Plaintiff be reinstated to her nursing position and that she be awarded backpay and benefits. *Hoback v. W. Va. DHHR/Mildred Mitchell-Bateman Hosp.*, Doc. No. 2019-0264-CONS (PEGB Mar. 7, 2019), ECF No. 102-1. Defendant Cox argues PEGB's decision, with its findings and conclusion contained therein, constitute hearsay under Rule 801 of the Federal Rules of Evidence and the decision does not meet the criteria to establish an exception to hearsay under Rule 803(8).

---

[1]The motions originally were filed by other Defendants who have since been dismissed from this case. However, Defendant Cox joined in those motions so they remain pending as to her.

Rule 803(8) sets forth the public record exception to the hearsay rule and provides:

**(8) Public Records.** A record or statement of a public office [is not excluded by the rule against hearsay] if:

    (A) it sets out:

        (i) the office's activities;

        (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or

        (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and

    (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Fed.R.Evid. 803(8). Defendant Cox maintains PEGB's decision lacks trustworthiness under (8)(B) and, in any event, is irrelevant to Plaintiff's claim of malicious prosecution, which is the only claim remaining in this case. As to a lack of trustworthiness, Defendant Cox points to the fact that the grievance proceedings were expedited, less formal, and did not adhere to the civil and evidentiary rules with the same vigor as this Court applies. As to relevancy, Defendant Cox states the grievance proceedings concerned whether the disciplinary action against Plaintiff was justified and it was the employer's burden to prove justification. To the contrary, malicious prosecution has different elements and the burden of proof lies with Plaintiff. To the extent the decision arguably is relevant, Defendant Cox insists any probative value it may have is substantially outweighed by the risk the jury will give it undue weight. *See* Fed.R.Evid. 401 (setting forth the test for relevant evidence); Fed.R.Evid. 402 (providing for the general admissibility of relevant evidence); Fed.R.Evid. 403 (excluding relevant evidence for prejudice, confusion, waste of time, or other reasons).

In response, Plaintiff argues the decision is admissible under Rule 803(8) as a public record. Although perhaps not as formal as a proceeding in federal court, the proceedings were not informal and it took ten weeks before a decision was rendered. Plaintiff states the parties exchanged documents prior to the hearing, and the administrative law judge (ALJ), who is an experienced attorney, conducted the hearing in a fair and impartial manner, the parties were represented by counsel, witnesses were called and cross examined, arguments were made and competing findings of fact and conclusions of law were submitted, and the ALJ issued a thoughtful and well-reasoned forty-two page decision. Plaintiff also insists the decision is relevant because it supports her position that the report of suspected abuse and neglect made against her was not made in good faith and influenced, in part, by Defendant Cox.

In considering the parties' arguments, the Court recognizes that Rule 803(8) assumes public records are admissible and places the burden to demonstrate the untrustworthiness of evidence on the challenging party. *See* Advisory Committee Notes to Rule 803(8)) ("[T]he rule . . . assumes admissibility in the first instance but with ample provision for escape if sufficient negative factors are present."). In *Zeus Enterprises, Inc. v. Alphin Aircraft, Inc.*, 190 F.3d 238 (4th Cir. 1999), the Fourth Circuit considered the rule and was asked to determine whether the district court erred in admitting an ALJ's decision about an aircraft's airworthiness during a trial on a contract dispute brought by the aircraft owner against a repair company. 190 F.3d at 240. The ALJ, who was assigned to a matter by the National Transportation Safety Board ("NTSB"), made factual findings and conclusions in the decision that the airplane was not airworthy. *Id*. at 241. The ALJ stated his findings were based upon "a preponderance of reliable, probative, and substantial evidence." *Id*. (internal quotation marks and citation omitted).

In holding the evidence was properly admitted by the district court, the Fourth Circuit emphasized that the ALJ was an executive branch official and Rule 803(8) applies to findings made by "agencies and offices of the executive branch," rather than the judicial branch. *Id*. at 242 (internal quotation marks omitted).[2] The Fourth Circuit also found that the ALJ permitted evidence to be presented, witnesses to be cross-examined, and adversarial parties and experts to testify. Thus, the Fourth Circuit determined that the ALJ's "systematic and detailed inquiry" satisfied "the 'investigation' requirement of the rule." *Id.* at 242-43.

The Fourth Circuit also rejected an argument the evidence should have been excluded because its probative value outweighed the danger of prejudice caused by the jury giving undue weight to a decision by a "judge." The Fourth Circuit was satisfied there was not undue prejudice because the district court permitted the defendant to introduce evidence and make arguments challenging the ALJ's findings and the jury was instructed not to give the decision conclusive weight, but to consider it together with the other evidence. *Id*. at 243.

Similarly, although the Court recognizes that Defendant Cox was not a party to the grievance proceedings and the burden of proof and precise claims are different, the Court finds the other similarities between this case and *Zeus Enterprises* favors, at least, limited admission. Both cases arise from the same set of core facts, Defendant Cox testified at the grievance proceeding, and the ALJ, after investigating the facts through the hearing process, specifically addressed Defendant Cox's role in the events. Additionally, the parties were represented by counsel, other

---

[2] *Citing Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993) (holding that a court's factual findings are not admissible under Rule 803(8)'s exception to hearsay).

testimony and evidence were presented, cross examination was permitted, and the parties offered competing arguments, findings of fact, and conclusions of law. The ALJ, who is an experienced attorney, also conducted the hearing and made findings of fact and conclusions of law under the power of the executive branch, not the judicial branch. Moreover, West Virginia Code § 6C-2-4(c) requires that the ALJ "conduct all proceedings in an impartial manner and shall ensure that all parties are accorded procedural and substantive due process." W. Va. Code § 6C-2-4(c).

Given these facts, the Court finds Defendant Cox has failed to demonstrate the decision is untrustworthy under Rule 803(8)(B). Additionally, to the extent the ALJ determined that the employer failed to prove by a preponderance of the evidence that Ms. Hoback either verbally or physically abused the patient or that there was good cause for her dismissal,[3] the Court finds that those conclusions are relevant to Plaintiff's claim. Moreover, as in *Zeus Enterprises*, any concerns Defendant Cox may have about prejudice by the introduction of those conclusions can be mitigated by evidence, arguments, and jury instructions at trial. On balance, therefore, the Court finds the probative value of those conclusions are not outweighed by their prejudicial effect. However, the Court's decision does not foreclose Defendant Cox from raising specific challenges to other portions of the ALJ's decision in which she believes the prejudicial impact does outweigh its probative value. Accordingly, the Court **DENIES** Defendant Cox's Motion in Limine No. 1 generally (ECF No. 102) and shall permit evidence that the ALJ found insufficient evidence of abuse and good cause for Plaintiff's termination. However, the Court's decision does not preclude

---

[3] *See Hoback v. W. Va. DHHR/Mildred Mitchell-Bateman Hosp.*, Doc. No. 2019-0264-CONS, at 40.

Defendant Cox from raising more directed objections to other specific findings and conclusions contained in the ALJ's decision.

Turning to Motion in Limine No. 2, Defendant Cox seeks to exclude a list of statements she claims are hearsay. The Court expects counsel to comply with the Rules of Evidence regarding the admissibility of evidence. However, the Court finds objections to particular statements are best raised at trial when the Court can evaluate the proposed testimony in light of the context in which it is raised. Therefore, at this point, the Court **DENIES** Defendant Cox's Motion in Limine No. 2 **WITHOUT PREJUDICE**. ECF No. 104.

In Motion in Limine No. 3, Defendant Cox asks the Court to exclude allegations and arguments regarding purported constructive discharge. However, Plaintiff is claiming Defendant Cox's malicious prosecution caused her to lose her job and suffer lost wages. Plaintiff maintains the jury should be permitted to decide if her lost wages are attributable to Defendant Cox's actions. The Court agrees and **DENIES** Defendant Cox's motion. ECF No. 106.

In her fourth Motion in Limine, Defendant Cox asks that Plaintiff be prohibited from referring to other witnesses' testimony. However, the Court cannot generally preclude counsel from referring to a witness's testimony, whether in deposition or at trial, in questioning another witness. The propriety of this method of examination only can be considered in trial and in the specific context in which it is raised. Thus, the Court **DENIES** Defendant Cox's Motion in Limine No. 4 **WITHOUT PREJUDICE**. ECF No. 120.

Lastly, Defendant Cox previously made a Motion to Allow Individuals to Attend Pretrial Conference and Final Settlement Conference Remotely because of the COVID-19 pandemic. ECF No. 117. In continuing the trial due to the ongoing pandemic, the Court denied Defendant Cox's motion as moot. *Order* (Dec. 14, 2020), ECF No. 119. On the same day the Court entered the Order, Plaintiff filed a Response and Cross-Motion to Permit Certain Out of State Witnesses to Testify Remotely at Trial. ECF No. 118. Defendant Cox objects to allowing remote testimony. The Court **DENIES** the cross motion **WITHOUT PREJUDICE**, but the Court will allow the parties to raise concerns about presenting in-person testimony at the Pretrial Conference.

Accordingly, and for the foregoing reasons, the Court **DENIES** Defendant Cox's Motion in Limine No. 1 (ECF No. 102), **DENIES WITHOUT PREJUDICE** Motion in Limine No. 2 (ECF No. 104), **DENIES** Motion in Limine No. 3 (ECF No. 106), and **DENIES WITHOUT PREJUDICE** Motion in Limine No. 4. ECF No. 120. The Court also **DENIES WITHOUT PREJUDICE** Plaintiff's Cross-Motion to Permit Certain Out of State Witnesses to Testify Remotely at Trial. ECF No. 118.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 24, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE